DECISION. *Page 2 
{¶ 1} Defendants-appellants Ace Reporting, Inc., ("Ace") a closely held court-reporting company, and its majority shareholder, Alicia B. Hardin, appeal from the trial court's entry ordering them to disclose seven documents to minority shareholder, plaintiff-appellee Joy McComas, despite their claims that the documents contained information protected by the attorney-client privilege and the work-product doctrine.
 {¶ 2} McComas initiated this action to obtain pre-suit discovery from Ace and Hardin under R.C. 2317.48 and Civ.R.34(D). McComas attached interrogatories and requests for production of documents to a verified complaint, by which she sought information concerning the sale of Ace's assets to a competitor and Hardin's role in the sale. When Ace and Hardin supplied some, but not all, of the requested information, McComas filed a motion seeking to compel production of the withheld information.
 {¶ 3} Ace and Hardin subsequently moved for a protective order preventing the production of the requested documents. They attached a privilege log containing seven documents they had declined to produce on the basis of attorney-client privilege. They identified the documents as letters and emails between Ace's counsel and Hardin concerning the sale of Ace's assets to a competitor and its possible effects on Hardin and Ace, as well as counsel's notes relating to the transaction.
 {¶ 4} McComas filed a memorandum opposing the motion, arguing that Ace and Hardin could not use the attorney-client privilege to withhold *Page 3 
information from her as a minority shareholder of the company. Ace and Hardin filed a reply memorandum in which they argued that the documents were also covered by the work-product doctrine. Following an in camera inspection of the documents and a hearing on the pending motions, the trial court issued an order granting McComas's motion to compel production of the seven contested documents and denying Ace and Hardin's motion for a protective order. Ace and Hardin now appeal, raising two assignments of error for our review.
 {¶ 5} In their first assignment of error, Ace and Hardin argue that the trial court erred in ordering them to disclose privileged communications between Hardin and her counsel. In their second assignment of error, they contend that the trial court erred by ordering them to disclose the work-product notes of Ace and Hardin's counsel.
 {¶ 6} McComas argues, however, that Ace and Hardin have failed to file the documents at issue under seal with the trial court and, therefore, that they are not a part of the record on appeal. Consequently, McComas argues that we must presume the regularity and correctness of the trial court's order. We agree.
 {¶ 7} App.R. 9(A) provides that the record on appeal is comprised of the "original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." App.R. 9(B) and 10(A) impose a duty upon the appealing party to provide the entire record required for our review prior to the submission of the case for a decision. When *Page 4 
portions of the record necessary to resolve the assigned errors are omitted, this court has no choice but to presume the validity of the lower court's proceedings.[1]
 {¶ 8} Our review of the record reveals that Ace and Hardin have failed to include the contested documents in the record. Although the documents are summarily identified in the privilege log, we do not know the substance of the documents, which were presented to the trial court for in camera inspection, except for the representations of Ace and Hardin's counsel. Counsel's representations, however, do not constitute part of the record below.[2]
 {¶ 9} Because Ace and Hardin have failed to include the documents they claim to be privileged in the record on appeal, we are unable to evaluate the merits of their arguments and determine whether the trial court erred in ordering the disclosure of the contested documents to McComas. We, therefore, have no choice but to presume regularity in the proceedings below.[3] As a result, we overrule Ace and Hardin's first and second assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
PAINTER, P. J., and DINKELACKER, J., concur.
[1] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 400
N.E.2d 384.
[2] We note, however, that both parties agreed during oral argument that document number 7 in the privilege log, which concerns an extraneous matter accidentally misfiled in counsel's Ace Reporting file, is not discoverable by McComas.
[3] See State v. Gray (June 28, 1995), 1st Dist. No. C-940276. *Page 1